Sebastian vs. Johnson.

CASE 18—PETITION EQUITY—SEPTEMBER 20.

# Sebastian vs. Johnson.

### APPEAL FROM GARRARD CIRCUIT COURT.

1. Although a testator request, in the will, that his executor may qualify without giving security, yet, if a bond with surety be given, it will be obligatory on the surety.

2. Even though the surety be induced to execute such bond by the fraud of the executor, the surety cannot, on that ground, be relieved, to the prejudice of those for whose benefit the bond was given, and who did not participate in the fraud.

CHIEF JUSTICE SAMPSON DELIVERED THE OPINION OF THE COURT:

Turner Johnson, by his last will and testament, appointed his brother, Fountain Johnson, his executor, and requests, in the will, that the county court of Madison county should not require any security of him as executor. The testator, at the time of making his will, resided in the county of Madison, but subsequently removed to the county of Garrard, where he was domiciled at the time of his death; and his will was admitted to record by the county court of the county last named.

The order of the court states, that, upon motion of the executor, " letters testamentary upon the estate of Turner Johnson, deceased, are granted to him; who thereupon took the oath required by law, and, together with Wm. Sebastian, his surety, executed and acknowledged a bond conditioned according to law."

This bond was given at the January term, 1857, and upon the 26th day of December, 1864, nearly eight years thereafter, the appellant, who was surety in the bond, filed his petition in the Garrard circuit court, asking to be released and forever exonerated from said bond, on the ground that Fountain Johnson had falsely and fraudulently represented to him that the county court had required a bond from him, when, in fact, no such requirement was made by the court. To this petition the defendant below made no answer; and, the cause having been submitted, the court dismissed the petition and gave

judgment for costs; and, from this judgment, the plaintiff below appeals to this court.

It does not follow, as contended by counsel for appellant, that he was entitled to a judgment because appellee failed to answer; for if his petition did not contain a good cause of action, no judgment could be rendered in his favor; and it was, no doubt, upon the ground of the insufficiency of the petition, that it was dismissed by the circuit court. In this judgment we concur.

There is nothing in the county court record which shows that the court did or did not, in terms, require the executor to give security; but as the court had power, under the Revised Statutes, to make the requirement, and security was, in fact, given, the rational presumption is, that it was required; and if this presumption should be regarded as rebutted by the statements of the petition, which are to be taken as true, still the fact remains that a bond, with security, was actually given, that it was accepted by the court, and there can be no doubt that the court was legally competent to take the bond, if voluntarily offered. The validity of the bond does not depend upon the fact that it was formally required by the court in advance of its execution, nor can the action, or non-action of the court, on that point, be supposed to have influenced the disposition of appellant to become surety therein. His willingness to do so must have proceeded from his confidence in the integrity or solvency of the principal, and not from any order of the court requiring security to be given, and we cannot see how a misrepresentation in regard to a fact which could have had no influence upon him, can furnish any equitable reason for his release from a bond voluntarily given, without any regard to such fact. That he, in fact, did go into the bond, shows he was willing to become the surety of appellee, and his liability on the bond so given was neither increased nor diminished by the existence or non-existence of any formal requirement on the part of the court. But if the misrepresentation of Johnson had been in regard to some fact which could be supposed to have influenced appellant to become his surety, it would furnish no ground for the relief

sought; for no fraud practiced by a principal upon a surety to induce him to go into his bond, can operate to his release unless the obligee in the bond is implicated in such fraud. The release of a surety necessarily involves the rights of the obligee, and can only be upon the ground of some equity as between him and such surety; no equity as between the principal and surety alone can have such effect.

The Commonwealth is the obligee in the bonds given by the executor in this instance; but the bond is for the benefit of the devisees and creditors of the testator, and such creditors and devisees are not parties to the suit, nor is there any allegation that any one of. them had any complicity with the fraudulent representations charged upon appellee.

Judgment affirmed.